R., C. & S. Reid, of Amite, for plaintiffs. H. C. Leake, of New Orleans, and B. E. Kemp, of Amite, for applicant. J. C. Henriques, of New Orleans, and Purser & Magruder, of Amite, for Roseland Veneer & Package Co., Limited.

O'NIELL, J. The judgment appealed from was reversed by the decree rendered to-day in the case of Thadeus A. Thompson and Wife v. Illinois Central Railroad Co. and Roseland Veneer & Package Co., In re Roseland Veneer & Package Co., Applying, etc., 72 South. 421.[1] For the reasons assigned in that case, the judgment of the district court and of the court of appeal is annulled, and the plaintiffs' demand rejected, at their cost.

[1] Ante, p. 860.

(72 South. 422)

No. 20623.

MERCER v. BUSCH–EVERETT CO.

(June 30, 1916.)

(Syllabus by the Court.)

CORPORATIONS   ⬅556—RECEIVERS—PERSONS ENTITLED TO APPOINTMENT.

Where the evidence in a suit for the appointment of a receiver of a corporation discloses that the plaintiff is neither a stockholder nor a creditor, he has no right of action, and his suit must be dismissed, without regard for the cause of action that a stockholder or creditor might have for demanding the appointment of a receiver.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2219–2226; Dec. Dig. ⬅556.]

Appeal from First Judicial District Court, Parish of Caddo; John R. Land, Judge.

Action by A. J. Mercer against the Busch-Everett Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Looney & Wilkinson, of Shreveport, for appellant. Alexander & Wilkinson, of Shreveport, for appellee.

O'NIELL, J. The plaintiff appeals from a judgment rejecting his demand for the appointment of a receiver of the defendant corporation.

Alleging that he is a stockholder and creditor of the corporation, he bases his demand for the appointment of a receiver on the allegation that the officers and directors of the corporation are jeopardizing the rights of the stockholders and creditors by grossly mismanaging the business of the company by committing acts ultra vires, and by wasting, misusing, and misapplying the property and funds of the corporation. The district judge found from the evidence that the plaintiff was neither a stockholder nor a creditor of the corporation, and that therefore, he had no right to complain of the manner in which the officers and directors were managing the company's affairs.

The plaintiff claims that he is the owner of

1,125 shares of the capital stock of the corporation, of the par value of $100 each; and, in the alternative, that, if it be held that he is not a stockholder, he is a creditor of the corporation for the value of the stock, $112,500. He alleges that, in any event, he is a creditor of the corporation to the amount of $10,000.

The plaintiff was declared president of the corporation when it was organized, but held that position nominally only a few hours on the day of the organization. E. H. Everett, one of the organizers, paid for 100 shares of stock that was issued to the plaintiff as a matter of convenience in organizing the company, with the understanding that the stock would be surrendered to Mr. Everett. One of the certificates for 99 shares was issued to the plaintiff on the 16th of July, 1908, and was transferred by him to E. H. Everett on the 3d of February of that year. The other certificate for 1 share of stock was issued to the plaintiff on the following day, and was transferred by him to one Charles L. Forey on the 1st of December, 1908. Testifying as a witness in his own behalf, the plaintiff admitted that he did not pay or give any consideration for the 100 shares of stock issued to him; that he was representing Everett, with the intention of turning over the stock to him, who had paid for and owned it.

The corporation was organized under the laws of the state of Ohio for the object and purpose of buying mineral lands and leases, principally in Louisiana, where it has conducted an extensive mining business, producing and marketing oil and gas.

When the company was organized, E. H. Everett, without pretending to have authority from the officers or directors of the corporation, made a proposition to the plaintiff that if the latter would act as general manager of the company, he should receive 5 per cent. of its net profits in addition to his salary. The plaintiff acted as general manager and executive officer of the corporation from the time of its organization until the end of the year 1912, when the board of directors elected L. E. Dennig as his successor.

Without formally accepting the proposition made by Everett for 5 per cent. of the profits of the company, the plaintiff preferred and endeavored to obtain a portion of the capital stock of the corporation for his services, in addition to his salary. He made several efforts to have the members of the board of directors recognize that the corporation owed an obligation to him on account of the proposition that had been made by Everett, and requested that the members of the board authorize the issuance of 1,050 shares of stock to him in lieu of his claim for 5 per cent. of the profits. The matter was discussed at a meeting of the board, but the members all objected to the issuance of the stock to the plaintiff, and refused to recognize that the corporation was under any obligation to him. Hence the plaintiff was not a stockholder of the corporation when he filed this suit, and had never been a stockholder except for the 100 shares issued to him, but belonging to Everett, which the plaintiff voluntarily surrendered long before the institution of this suit.

The evidence fails to disclose that the corporation made any profits. Hence the company would not be indebted to the plaintiff under the agreement made by Everett, even if it had been authorized or ratified by the directors of the corporation. It was not authorized and has never been ratified by the corporation or its directors or stockholders. Everett did not pretend to have authority to bind the corporation, nor did he pretend to be acting for or on behalf of the corporation, when he made the proposition to the plaintiff that he should receive 5 per cent. of the net profits of the company in addition to his salary. Such an agreement was not with-

in the ordinary routine business or duties of an officer of the corporation, and even the president had no authority to bind it by such a contract. See Jackson Brewing Co. v. Canton, 118 La. 823, 43 South. 454, quoting Taylor on Private Corporations (3d Ed.) 197. Hence the plaintiff is not a creditor of the corporation by virtue of the alleged agreement with Everett.

The plaintiff's allegation that he is, in any event, a creditor of the corporation to the amount of $10,000 is founded upon an agreement whereby the president of the company, on the 10th of June, 1913, gave the plaintiff and Dr. G. B. Crowe an option to purchase the lands, leases, wells, and other tangible property of the corporation in Louisiana, at the price of $1,750,000 in cash at any time within nine days. The president reserved the right of the company to sell its property during the nine days, and agreed that if the company should sell the property to others as a result of any contract of sale made within the nine days, and if the plaintiff and Dr. Crowe should have incurred any expense in examining the properties, the corporation would pay $10,000 as reimbursement of such expenses. The plaintiff and Dr. Crowe did not buy the property within the nine days, nor did the corporation sell it within that time or under or by virtue of any contract made during that time. Hence the plaintiff is not a creditor of the corporation.

The law does not give any individual except a stockholder or a creditor the right to demand the appointment of a receiver of a corporation. It is therefore |unnecessary to determine or consider whether the acts complained of by the plaintiff in this case, on the part of the officers and directors of the corporation, would be a sufficient cause for appointing a receiver at the instance of a stockholder or creditor.

The judgment appealed from is affirmed, at the cost of the appellant.